## Commonwealth v. Wright

*Arthur W. Bean,* assistant district attorney, for Commonwealth.

*Larzelere & Wright* and *Edward M. Hawes,* for defendant.

KNIGHT, P. J., February 9, 1942.—The facts, which are not in dispute, are as follows:

Defendant in November 1940 acquired an automobile through the well-known route of a finance company. The company advanced most of the purchase price and received the certificate of title from the Department of Revenue. The company then leased the vehicle to defendant upon a bailment lease, which provided that when defendant had made certain payments to the company the automobile would become his. Registration plates were issued to defendant by the Department of Revenue.

On or about March 15, 1941, defendant transferred or set over to one Albert Civitello all his right, title, and interest in the car for the sum of $30, and agreed to assign the certificate of title when the same was obtained from the finance company. Defendant delivered possession of the car to Civitello, who has continued to make the necessary payments to the finance company in the name of defendant.

The certificate of title was never assigned to Civitello, and nothing was done in any way to notify the Department of Revenue of the above transaction between defendant and Civitello.

On November 7, 1941, defendant was charged before a justice of the peace with a violation of section 207 (a) and section 508 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, and fined $25 and costs on each charge. Defendant then filed this petition for leave to appeal.

Defendant contends that he was not, and never was, the legal owner of the car, and that he had not transferred ownership thereto by any contract or intention on his part.

He further contends that section 508 contemplates only the giving or loaning of registration plates and does not apply when the car with the plates attached is loaned or possession thereof transferred.

We are of the opinion that a doubtful legal question is involved and that, therefore, the appeal should be allowed.

Since the only question before us at this time is the allowance of an appeal, we might well stop here, but it may not be out of order to express some thoughts on the question involved, although we do not decide it at this time.

The Vehicle Code, sec. 102, defines "owner" as follows:

"A person or persons holding the legal title of a vehicle; or, in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof, or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with an immediate right of possession vested in the conditional vendee or lessee, then such conditional vendee or lessee shall be deemed the owner for the purpose of this act."

Since the vehicle was the subject of lease, and the immediate possession was in the lessee (defendant), he must be considered the owner for the purposes of the act.

We do not have the certificate of title in this case before us, but an examination of sections 202 and 203 of The Vehicle Code indicates that the certificate must have been issued to defendant as owner and delivered to the finance company with its encumbrance noted thereon. It would have been entirely feasible for defendant to have assigned this certificate to Civitello when he transferred to him his interest in the car.

For our present purpose, we think any arrangement which might exist between the finance company and defendant, as to the title of the car, is irrelevant. Defendant, being the owner of the motor vehicle within the meaning of the act, sold or transferred his ownership to Civitello for $30, and in doing so violated section 207(a) of The Vehicle Code.

Counsel for petitioner cites several cases in which the Superior Court has held that, under The Vehicle Code, a certificate of title is a necessary incident to ownership of a used car and that, therefore, the present car could not have been legally sold by defendant. It will be observed that all these cases involved disputes between individuals over the ownership of automobiles; none of them had to do with a prosecution brought under The Vehicle Code. Defendant, for a consideration, sold and transferred all his interest in the automobile to Civitello, and the fact that the latter may not have received a good or complete title does not relieve defendant from liability under the penal sections of The Vehicle Code. If defendant could not legally sell or transfer his interest in the car, without assigning the certificate of title, then he must suffer the consequences of his illegal act.

If the contention of defendant is correct, then a leased car could be transferred from one person to another as often as desired. The Commonwealth would be deprived of revenue, the disposition of stolen cars made easier, and other safeguards of The Vehicle Code in part frustrated. It would also open a wide door to fraud in the transfer of used cars.

Defendant was also convicted of a violation of section 508 of The Vehicle Code, which prohibits the giving and lending of registration plates.

An examination of sections 506 and 508 indicates that section 508 applies to the plates alone and was not intended to cover the car when the plates were not detached from the car for which they were issued.

Defendant may be guilty of a violation of section 506, but we doubt his guilt under section 508.

Upon the hearing in this case, we should have before us the certificate of title and the lease agreement between defendant and the finance company, so that we may more carefully review the law.

And now, February 9, 1942, the rule is made absolute, and an appeal allowed.